IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01096-BNB

BRIAN P. CALCARI,

      Applicant,

v.

ARI ZAVARAS, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 7 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Brian P. Calcari, is a prisoner in the custody of the Colorado
Department of Corrections who currently is incarcerated at the Sterling, Colorado,
correctional facility. Mr. Calcari filed *pro se* an amended application for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 asserting six claims challenging his
conviction in Larimer County, Colorado, district court case number 96CR587. He has
paid the $5.00 filing fee.

On July 27, 2010, the Court ordered Respondents to file within twenty-one days
a preanswer response. On September 2, 2010, after being granted an extension of
time, Respondents filed a motion titled "Motion for Leave to File Motion to Dismiss
Counts One Through Four" instead of a preanswer response.

On September 7, 2010, the Court, prior to addressing the September 2, 2010,
motion, ordered the parties to brief the issue of whether the instant action is a second
or successive habeas corpus action. The September 7 order noted that the instant

action was the third habeas corpus action Mr. Calcari had filed attacking his conviction in Larimer County District Court Case No. 96CR587.

On September 24, 2010, Respondents filed a response titled "Respondents' Brief on Successiveness of Application." On October 12, 2010, Mr. Calcari filed a reply.

The Court must construe liberally Mr. Calcari's filings because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended habeas corpus application will be denied.

Mr. Calcari alleges that he was convicted in the Larimer County District Court on charges of first-degree assault, accessory to attempted first-degree murder, and accessory to first-degree assault. He further alleges that the judgment of conviction was entered on December 2, 1996. He asserts that on November 5, 1998, the Colorado Court of Appeals affirmed the judgment on direct appeal, and that on April 19, 1999, the Colorado Supreme Court denied certiorari review.

Mr. Calcari further asserts that on November 23, 2001, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the sentencing court, which was denied on December 12, 2001. On December 4, 2003, the Colorado Court of Appeals affirmed, and on June 1, 2004, the Colorado Supreme Court denied certiorari review. Twelve years later, on March 17, 2008, the trial court corrected a clerical error in the mittimus. Mr. Calcari also asserts that on June 26, 2008, he filed a postconviction motion pursuant to Colo. R. Crim. P. 35(a) in the

2

sentencing court, which was denied on July 8, 2008. On May 28, 2009, the Colorado
Court of Appeals affirmed. On August 24, 2009, the Colorado Supreme Court denied
certiorari review. The instant action, which was mailed on June 6, 2010, was received
by the Court on June 11, 2010.

This is the third habeas corpus action Mr. Calcari has filed attacking his
conviction in Larimer County District Court case number 96CR587. The first habeas
corpus application Mr. Calcari filed in this Court was dismissed without prejudice as a
mixed petition because it contained both exhausted and unexhausted claims. *See
Calcari v. Colorado*, No. 00-cv-00350-RPM (D. Colo. July 7, 2000), *appeal
dismissed*, No. 00-1304, 2004 WL 1853952 (10th Cir. Dec. 19, 2000), *cert. denied*,
533 U.S. 921 (2001). In *Calcari v. Ortiz*, No. 04-cv-01298-ZLW (D. Colo. Sept. 14,
2004), *appeal dismissed*, No. 04-1422 (10th Cir. Feb. 9, 2005), *cert. denied*, No. 04-
10562 (U.S. Oct. 3, 2005), this Court denied the habeas corpus application and
dismissed the action with prejudice as barred by the one-year limitation period in 28
U.S.C. § 2244(d). Judgment was entered on September 15, 2004. On February 9,
2005, the United States Court of Appeals for the Tenth Circuit denied a certificate of
appealability, and dismissed the appeal. On October 3, 2005, the United States
Supreme Court denied certiorari review. Therefore, the instant amended application
appears to be a second or successive application.

In the instant action, Mr. Calcari asserts six claims:

      1.     He did not knowingly and intelligently waive his right to trial by jury;

      2.     There was insufficient evidence to sustain his conviction;

3.    The trial court erred by failing to suppress his statements, because he made them following an unknowing and unintelligent waiver of his right to remain silent pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966);

4.    The trial court erred by failing to suppress his statements, because they were involuntary;

5.    He was resentenced and given no opportunity for allocution; and

6.    He was resentenced to a sentence that is cruel and unusual.

Amended application at 5-6, 10.

The first four claims attack Mr. Calcari's original conviction, for which he was sentenced on December 2, 1996. Claims five and six attack the trial court's correction of the mittimus, which occurred on March 17, 2008.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Calcari must apply to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251.

A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have

4

been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Calcari fails to allege whether he has obtained the necessary authorization from the Tenth Circuit to file a second or successive 28 U.S.C. § 2254 application. *See* amended application at 7. Assuming that he has not obtained such an authorization, the Court either must dismiss the amended application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Calcari's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to 28 U.S.C. § 2244(b)(2). Given that Mr. Calcari's prior habeas corpus application in No. 04-cv-01298-ZLW was dismissed as time-barred, it appears that his claims one through four challenging the same conviction and sentence in this action also are time-barred. It also was clear when the instant action was filed that this Court lacked jurisdiction over Mr. Calcari's first four claims challenging the validity of his conviction and sentence in

5

Larimer County District Court case number 96CR587.

In addition, it appears that claims five and six also relate to Mr. Calcari's original conviction because he was not resentenced, as he contends, but rather his mittimus was amended to correct a trial court error.  The trial court corrected the mittimus in response to a March 2008 letter Mr. Calcari sent to the court noting that:

> [T]he court had ordered his sentences for accessory to first degree assault and first degree assault to be served consecutively, but the mittimus incorrectly listed them as being concurrent.  After reviewing the record, the court agreed with defendant, and issued an amended mittimus correcting the mistake.
>
> Defendant then filed a Crim. P. 35 motion alleging that by correcting the mittimus the court resentenced him and his new sentence (1) was disproportionate, (2) violated *Crawford v. Washington*, 124 S. Ct. 1354 (2004), (3) was entered without jurisdiction because he was not notified of the resentencing, and (4) was illegal because it exceeds the maximum authorized by law.  The trial court summarily denied the motion.
>
> *     *     *
>
> Here, the transcript of the sentencing hearing and the handwritten mittimus prepared by the clerk at the hearing unambiguously indicate that the court ordered the three-year sentence for accessory to first degree assault to be consecutive to the twenty-four-year sentence for first degree assault. Thus, when the trial court amended the mittimus, at defendant's request, it was only documenting the sentence that was ordered by the court at the sentencing hearing.

*See* motion for leave to file motion to dismiss (document no. 13), ex. C. (***People v. Calcari***, No. 96CR587 (Colo. Ct. App. May 28, 2009) (not published)) at 1-3.

The Colorado Court of Appeals' discussion in No. 96CR587 is supported by the amended mittimus, *see* motion for leave to file motion to dismiss (document no. 13), ex. B at 1, which indicates that the mittimus was amended to correct a clerical error--

6

specifically, that the three-year sentence for accessory to first-degree assault was consecutive to the twenty-four-year sentence for first-degree assault.  The amended mittimus did not create a new conviction.  Because the amendment of the mittimus was to correct a clerical error and not to resentence Mr. Calcari, his fifth and sixth claims challenge the original conviction and sentence in this action and are time-barred.  Therefore, the instant action appears to be a second or successive habeas corpus action.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that the amended habeas corpus application is denied, and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that the "Motion for Leave to File Motion to Dismiss Counts One Through Four" is denied as moot.

DATED at Denver, Colorado, this 15th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

_____

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 10-cv-01096-BNB

Brian P. Calcari
Prisoner No.  91915
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to
the above-named individuals on ___12|17|10___

GREGORY C. LANGHAM, CLERK

By:_____
                  Deputy Clerk